**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANJEEV KAUL, on assignment from Steven A.,<br><br>Plaintiff,<br><br>v.<br><br>HORIZON BLUE CROSS BLUE SHIELD, et al.,<br><br>Defendants. | Civil Action No.: 15-8268<br><br>**OPINION** |

**CECCHI, District Judge.**

**I.   INTRODUCTION**

This matter comes before the Court on motion of Defendants Horizon Blue Cross Blue Shield and Blue Cross Blue Shield of South Carolina (collectively, "Defendants") to dismiss the Complaint filed by plaintiff Sanjeev Kaul ("Plaintiff"), on assignment from Steven. A., pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 8. The motion is decided without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendants' motion is granted.

**II.   BACKGROUND**

The following facts are accepted as true for the purposes of the instant motion. Plaintiff provided medical services to Steven A. between April 22, 2013 and April 28, 2013 in New Jersey. Complaint ("Compl."), ECF Nos. 1-1, 21-1 ¶¶ 1, 6. During that time, Steven A. had insurance coverage through a self-funded health benefits plan sponsored by his employer, Alent, Inc. (the "Alent Plan" or "Plan"). See Certification of Pam Lucas ("Lucas Cert."), ECF No. 8-2 Ex. A at

68, 73, 82, 84.[1] Defendant Blue Cross Blue Shield of South Carolina assists with certain aspects of the Alent Plan's administration. See id. Ex. A at 6. Defendant Horizon Blue Cross Blue Shield administers the Plan in New Jersey. Compl. ¶ 3.

Steven A. executed a document purporting to assign his right to insurance benefits under the Alent Plan to Plaintiff. See Compl. Ex. B. Plaintiff then submitted to Defendants a request for out-of-network reimbursement of Steven A.'s medical expenses in the amount of $33,419.30, id. ¶¶ 9, Exs. C-D, of which Defendants paid $352.31, id. Ex. D.

On October 15, 2015, Plaintiff filed the instant Complaint against Defendants in the Superior Court of New Jersey, Bergen County, asserting the following claims: breach of contract (Count I); failure to make payments due under a plan governed by the Employee Retirement Income Security Act ("ERISA"), in violation of 29 U.S.C. § 1132(a)(1)(b) (Count II); breach of fiduciary duty and co-fiduciary duty under ERISA, in violation of 29 U.S.C. § 1132(a)(3), § 1104(a)(1), and § 1105(a) (Count III); and failure to establish or maintain reasonable claims procedures, in violation of 29 C.F.R. 2560.503-1. Compl. ¶¶ 19-50.

Defendant removed the action to this Court on November 24, 2015. ECF No. 1. On December 22, 2015, Defendants moved to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 8. Plaintiff opposed that motion on January 19, 2016. ECF No. 10. In his opposition, Plaintiff agreed to withdraw Count I. Id. at 4.

---

[1] On consideration of a motion to dismiss, this Court may consider the allegations in the complaint, any exhibits attached to the complaint, matters of public record, and documents upon which the plaintiff's complaint is based. Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Plaintiff's contention that he was entitled to reimbursement for necessary medical procedures is based in part on the Alent Plan, a copy of which is appended to the Lucas Cert. See Lucas Cert. Ex. A.

### III. LEGAL STANDARD

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 545 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "A pleading that offers labels and conclusions will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." Iqbal, 556 U.S. at 678 (internal citations omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

### IV. DISCUSSION

Defendants contend Plaintiff lacks derivative standing to collect payment as Steven A.'s assignee because the Alent Plan contains multiple anti-assignment clauses prohibiting the assignment of a Plan participant's rights or benefits. Plaintiff asserts the Plan's anti-assignment provisions are unenforceable because: (1) the anti-assignment provisions violate New Jersey law and "federal public policy"; (2) Defendants waived the anti-assignment provisions; and (3)

Defendants are estopped from enforcing the anti-assignment provisions. For the reasons set forth below, this Court finds Plaintiff's Complaint fails to set forth facts showing the anti-assignment provisions are unenforceable and, accordingly, will dismiss the Complaint without prejudice.[2]

### 1. New Jersey Law and Public Policy

Plaintiff first argues the anti-assignment provisions are void under a New Jersey statute governing insurance claims, which provides in relevant part: "in the event that the covered person assigns, through an assignment of benefits, his right to receive medically necessary health care services to an out-of-network health care provider, the carrier shall remit payment for the reimbursement directly to the health care provider . . ." N.J. Stat. Ann. 26:2S-6.1(c). Another court in this district previously rejected that argument, finding "[o]n its face, this statute merely regulates the method of payment when an assignment of benefits occurs. It does not address the question of whether an anti-assignment clause is enforceable." Advanced Orthopedics & Sports Med. v. Blue Cross Blue Shield of Massachusetts, No. CIV.A. 14-7280 FLW, 2015 WL 4430488, at *5 (D.N.J. July 20, 2015). Moreover, the New Jersey Superior Court, Appellate Division, has repeatedly upheld the anti-assignment provisions in Defendants' insurance plans. Somerset Orthopedic Assocs. v. Horizon Blue Cross & Blue Shield of N.J., 345 N.J. Super. 410, 423 (N.J. Super. App. Div. 2001) (holding "the anti-assignment clause in Horizon's subscriber contracts is valid and enforceable to prevent assignment by subscribers of policy benefit payments to non-participating medical providers without Horizon's consent"); Prospect Med., P.C. v. Horizon Blue Cross Blue Shield of New Jersey, Inc., No. A-3690-09T3, 2011 WL 3629180, at *4 (N.J. Super.

---

[2] Because this Court finds Plaintiff's Complaint must be dismissed for lack of standing under ERISA, it need not reach Defendant's other arguments in support of their motion.

4

Ct. App. Div. Aug. 19, 2011). Accordingly, the statutory text and the case law do not appear to support Plaintiff's assertion that state law prohibits enforcement of the Alent Plan's anti-assignment clauses.

Plaintiff next argues "there are strong federal public policy concerns against the absolute enforcement of anti-assignment clauses," citing to two related Fifth Circuit cases: Hermann Hosp. v. MEBA Med. & Benefits Plan, 959 F.2d 569 (5th Cir. 1992) ("Hermann I") and Hermann Hosp. v. MEBA Med. & Benefits Plan, 845 F.2d 1286 (5th Cir. 1986) ("Hermann II"). However, the Fifth Circuit has since cautioned that "neither Hermann I nor Hermann II stands for the proposition that all anti-assignment clauses are per se invalid vis-à-vis providers of health care services," and held a plan's anti-assignment provision was enforceable. LeTourneau Lifelike Orthotics & Prosthetics, Inc. v. Wal–Mart Stores, Inc., 298 F.3d 348, 352 (5th Cir. 2002). Moreover, courts in this jurisdiction have repeatedly upheld anti-assignment clauses in insurance plans. See, e.g., Cohen v. Horizon Blue Cross Blue Shield of New Jersey, No. CV154525JLLJAD, 2015 WL 6082299, at *4 (D.N.J. Oct. 15, 2015); Advanced Orthopedics, 2015 WL 4430488, at *5; Cohen v. Indep. Blue Cross, 820 F. Supp. 2d 594, 606 (D.N.J. 2011). Accordingly, the Court finds no basis in "federal public policy" to invalidate the Alent Plan's anti-assignment provisions.

### 2. Waiver

Plaintiff next argues Defendants waived the right to enforce the anti-assignment provisions because Defendants reimbursed him directly for Steven A.'s medical expenses in the amount of $352.32. See Compl. Ex. D. In general, a direct payment to a healthcare provider does not constitute waiver of an anti-assignment provision where the plan at issue authorizes such payment. See, e.g., Advanced Orthopedics, 2015 WL 4430488, at *7; Glen Ridge Surgicenter, LLC v. Horizon Blue Cross Blue Shield of New Jersey, Inc., No. CIV.A.08-6160 (JAG), 2009 WL

5

3233427, at *5 (D.N.J. Sept. 30, 2009); Gregory Surgical Servs., LLC v. Horizon Blue Cross Blue Shield of New Jersey, Inc., Civ. No. 06–0462, 2007 WL 4570323, at *4 (D.N.J. Dec. 26, 2007). Here, as Plaintiff does not contend Defendants' direct payment to him was unauthorized, the Court does not find Defendants waived the anti-assignment provisions.

### 3. Estoppel

Finally, Plaintiff contends Defendants are estopped from enforcing the anti-assignment provisions. The elements of equitable estoppel under ERISA are: "(1) a material representation, (2) reasonable and detrimental reliance upon the representation, and (3) extraordinary circumstances." Curcio v. John Hancock Mut. Life Ins. Co., 33 F.3d 226, 235 (3d Cir. 1994) (citations omitted). As Plaintiff fails to plead any of these elements, his estoppel claim is unavailing.

## V. CONCLUSION

For the foregoing reasons, Defendants' motion will be granted without prejudice. To the extent Plaintiff can cure the pleading deficiency by way of amendment, Plaintiff shall have thirty days to file an amended complaint. An appropriate Order accompanies this Opinion.

DATE: July 29, 2016

CLAIRE C. CECCHI, U.S.D.J.